**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-03060-RPM

SCOTT CARLYLE,

      Plaintiff,

v.

SCHRYVER MEDICAL SALES AND MARKETING, INC.,
d/b/a SCHRYVER MEDICAL, INC.

      Defendant.

_____

**STIPULATED PROTECTIVE ORDER**
_____

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential and proprietary information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.     As used in this Protective Order, the term "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of current and former Schryver Medical Sales and Marketing, Inc.'s  employees, Schryver Medical Sales and Marketing, Inc.'s clients and/or proprietary financial or trade secret information of Schryver Medical Sales and Marketing, Inc.

4. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a)    attorneys actively working on this civil action;

    (b)    persons regularly employed or associated with the attorneys actively working on this civil action whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this civil action;

    (c)    the parties (including human resources and management employees designated by Defendant);

    (d)    expert witnesses and consultants retained in connection with this civil action, to the extent such disclosure is necessary for preparation, trial or other proceedings in this civil action;

    (e)    the Court and its employees ("Court Personnel");

> (f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this civil action;
>
> (g)     deponents; and
>
> (h)     other persons by written agreement of the parties.

6.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

7.     The Parties agree pursuant to Paragraph 5(h) to allow disclosure to witnesses or potential witnesses who are current or former employees of Schryver Medical Sales and Marketing, Inc. of their own personnel documents even if such documents are designated as CONFIDENTIAL.

8.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

9.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of

the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party objecting to the designation as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the objecting party fails to file such a motion within the prescribed time, the disputed information shall maintain its designation as CONFIDENTIAL and shall thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11.     The parties may retain the CONFIDENTIAL documents for a three-year period following the conclusion of the case, at which time all documents which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL or the parties may elect to destroy the CONFIDENTIAL documents.  If a party destroys CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12.     This Protective Order may be modified by the Court at any time for good

cause shown following notice to all parties and an opportunity for them to be heard.


DATED this 13th day of April, 2012.


**BY THE COURT:**

**s/Richard P. Matsch**
_____
United States District Court Judge



**STIPULATED BY:**

| BENEZRA & CULVER, P.C. | DAVIS GRAHAM & STUBBS, LLP |
|---|---|

| **s/Seth J. Benezra** | **s/Janet Savage** |
|---|---|
| Seth J. Benezra, Esq. | Janet A. Savage, Esq. |
| John A. Culver, Esq. | Sybil R. Kisken, Esq. |
| Sarah J. Parady, Esq. | Davis Graham & Stubbs |
| 274 Union Blvd., #220 | 1550 17th Street, Suite 500 |
| Lakewood, CO  80228-1835 | Denver, CO 80202 |
| (303) 716-0254 | Telephone: (303) 892-7497 |
| sjbenezra@bc-law.com | Janet.savage@dgslaw.com |
| jaculver@bc-law.com | Sybil.kisken@dgslaw.com |
| sjparady@bc-law.com | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | |

<u>Exhibit A to Stipulated Protective Order</u>

STATE OF _____        )
                                    ) ss.
COUNTY OF _____          )

     I, _____, being first duly sworn, state that:

     1.     I have received a copy of the Stipulated Protective Order in case of *Scott Carlyle v. Schryver Medical Sales and Marketing, Inc.,* United States District Court for the District of Colorado case number 11-cv-03060.

     2.     I understand that I can be held in contempt of court for violating the terms of the Stipulated Protective Order and I submit to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcement of the Stipulated Protective Order.

     3.     I have carefully read and understand the provisions of the Stipulated Protective Order, and I will comply with all of its provisions.


                                         _____


Subscribed and sworn to before me this _____ day of _____, 20___.


_____

Notary Public, _____ County, State of _____

*[seal]*

6